WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Elizabeth-Abigail James,

Plaintiff,

v.

Caesars Entertainment Incorporated,

Defendant.

No. CV-19-01310-PHX-JAT

**ORDER**

Judgment was entered in this case on September 25, 2019. (Doc. 33). Now pending before the Court is Plaintiff Elizabeth-Abigail James's ("Plaintiff") "Notice to Redact or Seal All Filings with Personal Information." (Doc. 36).[1]

"[T]he public has a right to inspect judicial documents and records." *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV 09-1531-PHX-JAT, 2010 WL 2474387, at *1 (D. Ariz. June 11, 2010). "A party seeking to seal a judicial record bears the burden of overcoming this presumption by either meeting the 'compelling reasons' standard if the record is a dispositive pleading, or the 'good cause' standard if the record is a nondispositive pleading." *Id.* (citation omitted). Here, Plaintiff has simply asked the Court to "seal personal information that is highly sensitive to avoid causing harm if made known to the public." (Doc. 36 at 1). Plaintiff does not identify with any specificity what information she seeks to have sealed, where it is located in the record, nor even why the information would be harmful to her. Her request is supported by nothing more than an

---
[1] The Court notes that in her most recent filings, Plaintiff indicates that she now goes by "Mayloemrojo El Bey." (Doc. 36 at 1).

unadorned "conclusory assertion[]" that does not "provide the Court with a sufficient factual basis on which it can articulate a decision to seal court records" and thus fails to establish even good cause to seal. *D'Agnese v. Novartis Pharms. Corp.*, No. CV-12-0749-PHX-JAT, 2012 WL 3544725, at *1 (D. Ariz. Aug. 16, 2012). Accordingly, the Court must deny Plaintiff's request to seal.

The Court is also in receipt of a document from Plaintiff titled "NOTICE OF VOID JUDGMENT/ORDER: DUE PROCESS deny[ed], rights abrogate[d] Render all B.A.R. (British Accredited Registry) attorneys' paperwork VOID, AB INITIO." (Doc. 39). It is not clear to the Court what Plaintiff seeks to accomplish via this filing. On the one hand, she asserts that the Court lacked "authority to make this ruling and close the case." (*Id.* at 1). On the other, presumably disagreeing with the Court's order dismissing this case, she asserts that the Court did have jurisdiction to decide this case because the parties are citizens of different states. Therefore, the Court denies this filing without prejudice to Plaintiff filing a proper and timely motion under Federal Rule of Civil Procedure 59(e) or 60(b).

Based on the foregoing,

**IT IS ORDERED** that the Notice to Redact or Seal All Filings with Personal Information (Doc. 36) is denied.

**IT IS FURTHER ORDERED** that to the extent the "NOTICE OF VOID JUDGMENT/ORDER: DUE PROCESS deny[ed], rights abrogate[d] Render all B.A.R. (British Accredited Registry) attorneys' paperwork VOID, AB INITIO" (Doc. 39) was intended to seek some form of relief it is denied without prejudice as indicated above.

Dated this 1st day of October, 2019.

_____
James A. Teilborg
Senior United States District Judge